## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Sandra Fuit, | |
| Plaintiff, | Case No. 3:21-cv-50411 |
| v. | Honorable Iain D. Johnston |
| Northern Illinois Medical Center, | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sandra Fuit brings this action under the American with Disabilities Act (ADA) and the Illinois Human Rights Act (IHRA). She was employed as a registered nurse at Northern Illinois Medical Center (NIMC) until her employment was terminated in December 2019. Fuit's five-count first-amended complaint alleges discrimination, hostile work environment, and retaliation. Although NIMC has filed an answer for Count I, it moves to dismiss Counts II through V for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] For the following reasons, the motion [38] is granted in part and denied in part.

### A. Legal standard

Under Rule 8, a plaintiff need only allege a short and plain statement of the facts that establishes a plausible inference that the defendant is liable for the

---

[1] For future reference, answering the entire complaint and them moving for judgment on the pleadings under Rule 12(c) as to particular claims would be greatly appreciated. Hon. Amy St. Eve & Michael A. Zuckerman, *The Forgotten Pleading*, 7 Fed. Cts. L. Rev. 149, 169 (2014).

misconduct alleged. Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In determining the sufficiency of the plaintiff's complaint, the court accepts as true all the plaintiff's well-pleaded factual allegations, rather than any legal conclusions, and construes all reasonable inferences in the plaintiff's favor. *Landmark Am. Ins. Co. v. Deerfield Constr. Inc.*, 933 F.3d 806, 809 (7th Cir. 2019). On a motion to dismiss, the defendant bears the burden of establishing the insufficiency of the complaint's factual allegations. *Marcure v. Lynn*, 992 F.3d 625, 631 (7th Cir. 2021).[2]

## B. Factual allegations

Plaintiff Sandra Fuit was a registered nurse at Northern Illinois Medical Center starting sometime in 2015 and ending when her employment was terminated on December 23, 2019. She does not allege any issues with the first approximately four years of her employment. Rather, she alleges that she began to experience workplace bullying in June 2019, and until she was terminated later that year. She alleges that she is disabled due to bipolar disorder, depression, and obsessive-compulsive disorder (OCD).

Notwithstanding that she received positive feedback from the manager of operations and from her patients, Fuit alleges that she was bullied at work from her charge nurse, manager, and a coworker. Her coworker allegedly made humiliating

---

[2] In her response brief, Fuit argues under *Conley*'s "no set of facts" standard. Dkt. 42, at 2. The Court urges litigants to stop citing this long-overruled standard. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (explaining that "after puzzling the profession for 50 years, this famous observation has earned its retirement."). *Twombly* retired the no set of facts standard a very long time ago.

remarks in front of other people, including patients, suggesting that Fuit was taking methamphetamines. Fuit alleges that the coworker made these remarks because Fuit had visible injuries on her person and had been having issues with her stool. Fuit notes that these physical symptoms were due to a ringworm infection. Because of the humiliating statements from her coworker, Fuit was forced to defend herself in public. In response, she complained to her manager. The manager responded by allegedly disregarding her complaints about the coworker and instead required her to take unpaid time off. Furthermore, Fuit was required to use a portion of her paid leave to undergo drug testing and to receive a medical evaluation before returning to work.

Fuit also alleges that she was wrongly accused of incurring unauthorized overtime hours during May and June of 2019. She says she demonstrated that she did nothing wrong. She further asserts that she was accused of improperly checking in and out of the time recording machine, and that she received a warning, though she says other employees faced with the same accusation did not receive a warning. Fuit contends that after she reported the allegedly discriminatory acts to her manager, she was given a larger workload than her coworkers, who did not suffer from disabilities. She alleges that on May 20, 2019, she overheard her manager telling another nurse that the more difficult patient had been assigned to Fuit so that the other nurse would be okay. No further context is alleged to illuminate what that means. A week later, on May 27, 2019, Fuit's manager called her to the manager's office. Fuit told the manager that she had been diagnosed with bipolar

disorder, depression, and OCD when she was sixteen years old, ten years earlier. Fuit alleges that she also told the human resources department and the corporate doctor about her disabilities.

After the in-person meeting with her manager, Fuit was placed on leave and required to undergo a screening to determine her fitness for duty. She was required to take a drug test and to obtain a clear-to-work note from her doctor. The drug screening was negative. She later returned to work and was again assigned a larger workload than her peers. She further alleges that she was disciplined for being late to work, even though she had notes from her doctor explaining the tardiness. About six months later, on December 23, 2019, NIMC terminated Fuit's employment.

In Count I, Fuit claims disability discrimination under the ADA. In Count II, she claims that NIMC retaliated against her after she brought the discrimination to the attention of her manager. This Count is brought under both the ADA and the IHRA. In Count III, Fuit alleges a hostile work environment, in violation of the ADA. In Count IV, Fuit claims general disability discrimination under the IHRA, similar to Count I under the ADA. And in Count V, Fuit claims a hostile work environment in violation of the IHRA, similar to Count III under the ADA. NIMC now moves to dismiss the IHRA portion of Count II, as well as the entirety of Counts III through V.

## C. Statutory prefiling requirements under the IHRA

First, NIMC argues that all of Fuit's claims under the IHRA should be dismissed because the complaint does not plausibly allege that she complied with

4

the IHRA's prefiling requirements. Dkt. 39, at 4–7; *Garcia v. Village of Mt. Prospect*, 360 F.3d 630, 640 (7th Cir. 2004) (explaining that exhaustion under the IHRA is required and failure to exhaust warrants dismissal). To be clear, NIMC does not contend that Fuit failed to exhaust administrative remedies with the Equal Employment Opportunity Commission (EEOC). Indeed, Fuit attached to her complaint the charge she filed with the EEOC, as well as the subsequent right to sue letter. And her EEOC charging document explains that it is to be cross-filed with the Illinois Department of Human Rights (IDHR). Dkts. 33-1, 33-2. Rather, NIMC contends that Fuit's complaint fails to allege that she provided the required notice to the IDHR after she received the right to sue letter from the EEOC. Fuit responds that her complaint alleges that she noticed the IDHR, though it doesn't allege when the notice was filed. She further challenges the existence of such a prefiling requirement.

Illinois law provides that the IDHR will not investigate charges of discrimination until after the complainant notifies the IDHR of the EEOC's determination. 775 ILCS 5/7A-102(A-1)(1). The complainant is required to submit a copy of the EEOC's determination within thirty days of receiving that determination. *Id.* If, as here, the EEOC makes no determination on the merits of the charge, but nonetheless issues the complainant a right to sue letter, then the IDHR will adopt those same findings, provided that the complainant properly notifies the IDHR of the EEOC's determination. *Id.* at 5/7A-102(A-1)(3).

Fuit argues that she is not required to provide personal notice to the IDHR regarding the EEOC's determination. She is incorrect. To exhaust administrative remedies, a plaintiff must have filed the necessary notice to the IDHR after receiving the right to sue letter from the EEOC. This is the only way to receive the final order from the Illinois Human Rights Commission that signifies the exhaustion of administrative remedies. *Donald v. City of Chicago*, 539 F. Supp. 3d 912, 920 (N.D. Ill. 2021); *Trnava v. Chicago Cut Steakhouse, LLC*, No. 20-cv-0928, 2021 U.S. Dist. LEXIS 8824, at *6–7 (N.D. Ill. Jan. 16, 2021); *Principe v. Village of Melrose Park*, No. 20-cv-1545, 2020 U.S. Dist. LEXIS 148761, at *9–12 (N.D. Ill. Aug. 18, 2020); *Perez v. Cook Cnty. Sheriff's Office*, No. 19-cv-1788, 2020 U.S. Dist. LEXIS 26898, at *6–8 (N.D. Ill. Feb. 18, 2020) ("Yet to access the federal courts to adjudicate an IHRA claim, plaintiffs must first exhaust the administrative remedies under the Act and possess a final order from the Illinois Human Rights Commission."). *Jafri v. Signal Funding LLC*, No. 19-cv-645, 2019 U.S. Dist. LEXIS 169915, at *5–6 (N.D. Ill. Oct. 1, 2019) ("But in any event, the statute unambiguously states that a complainant must timely submit an EEOC determination to the IDHR.").

In this case, Fuit has alleged that she cross-filed her claim with the IDHR. Dkt. 33-1, at 1. Although Fuit has alleged every detail necessary to show exhaustion with the EEOC, she alleged only that she "notified the Illinois Department of Human Rights of its tandem agency's authorization." Dkt. 33, ¶ 59. She has not alleged that she filed the notice within the statutorily required timeframe, nor has

she attached the final order from the Illinois Human Rights Commission authorizing her suit.[3] Thus, the Court dismisses Fuit's claims under the Illinois Human Rights Act without prejudice. If she has exhausted her remedies under the Act, then the fix is simple—she can attach the final order.[4]

### D. Scope of Fuit's EEOC charge

NIMC next contends that the Court should dismiss Fuit's hostile work environment claim because it is beyond the scope of her EEOC charge. Dkt. 39, at 8–9. Generally, a plaintiff is barred from asserting a claim that was not raised in that plaintiff's exhausted EEOC charge. *Whitaker v. Milwaukee Cnty.*, 772 F.3d 802, 812 (7th Cir. 2014). The plaintiff need not have used magic words, however. Instead, courts determine whether "the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised." *Id.* (quoting *Green v. Nat'l Steel Corp.*, 197 F.3d 894, 898 (7th Cir. 1999)). Claims are considered reasonably related to the claims raised in the EEOC charge if they share "a factual relationship," meaning that they "describe the *same conduct* and implicate the *same individuals*." *Id.* (quoting *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994)) (emphasis in original). Although the

---

[3] In response to Fuit's original complaint, NIMC filed a motion to dismiss arguing that Fuit had failed to exhaust with the IDHR because she had not properly notified them of the EEOC's determination. Dkt. 17, 7–9.

[4] The Court further points out that Fuit was on notice of this requirement. In an August 28, 2020, letter, the IDHR informed Fuit that it had received her cross-filed charge from the EEOC. The letter continued by informing her of the exhaustion requirement: "After the EEOC issues its findings, if you want the Department to take any further action on your charge, you must send the Department a copy of the EEOC's findings within 30 days after service of the EEOC's findings on you." Dkt. 39-1, at 2.

claims raised with the EEOC must be reasonably related to those in the plaintiff's federal complaint, the court construes the EEOC charge liberally, as it is designed to be completed by lay persons, not attorneys. *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 831 (7th Cir. 2015).

Fuit's EEOC charge raised claims of discrimination and retaliation under the ADA:

> I began my employment with Respondent in 2015. My most recent position was Registered Nurse. In 2019, I informed Respondent of my disability and subsequently, I was forced on an unpaid leave of absence and a portion of my paid time off was used, in which I was forced to undergo drug testing and obtain a medical evaluation. After nearly six weeks, I was allowed to return to work. Subsequently, I was issued two written reprimands and discharged.
>
> I believe I was discriminated against because of my disability and in retaliation for engaging in protected activity, in violation of the Americans with Disabilities Act of 1990, as amended.

Dkt. 33-1, at 1. The language very clearly relates to Fuit's belief that she was retaliated against after she raised concerns to her manager. NIMC argues that Fuit's hostile work environment claim is not reasonably related to that language. Dkt. 39, at 8 (collecting cases in which courts have dismissed on the same argument).

Fuit's EEOC charge is reasonably related to her hostile work environment claim. Her EEOC charge never mentions a hostile work environment, but it does complain that she was forced to take an unpaid leave of absence, to use a portion of her paid time off, and to undergo drug and medical screening. Though not expressly alleged, the reasonable inference from Fuit's complaint is that these requirements

8

stemmed from her appearance and her ringworm infection. In other words, her colleague bullied her because of her skin infection and accused her of being on methamphetamines in front of other people, including patients. This (inferentially) led to a conversation with Fuit's supervisor, who then ordered her to take time off and undergo drug and medical screenings. Thus, a factual nexus exists between the allegations in her EEOC complaint and the basis for her hostile work environment claim. The better question is whether she has stated a plausible hostile work environment claim.

### E. Fuit has stated a hostile work environment claim

Fuit has stated a plausible hostile work environment claim under the ADA. To state a hostile work environment claim under the ADA, a plaintiff must allege that she was subjected to unwelcome harassment because of her disability, that the harassment was so pervasive as to alter the conditions of her employment, and that a basis exists for employer liability. *See Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 900 (7th Cir. 2018). NIMC argues that Fuit fails to state a claim because she does not allege harassment "on the basis of" her disabilities—OCD, depression, and bipolar disorder. Rather, she alleges that the bullying she experienced occurred because she was suffering from a ringworm infection. Indeed, she alleged that her coworker bullied her in front of other people, including patients, because the coworker thought she looked like she was taking methamphetamines. This physical appearance has nothing to do with her stated disabilities, though that is not the end of the analysis.

Fuit asserts that her ringworm infection counts as a disability. Dkt. 42, at 1, 7. NIMC does not reply to this argument. Fuit's complaint makes clear that her ringworm infection was a transitory medical issue. Indeed, she notes that she was forced to take six weeks off from work, and that she later returned to work after passing a medical screening. Nonetheless, transitory medical problems may still count as disabilities under the ADA if they substantially limit one or more life activities. *Gogos v. AMS Mech. Sys.*, 737 F.3d 1170, 1172–73 (7th Cir. 2013). Because Fuit alleges that she was forced to take time off work because of this medical issue, she has plausibly alleged that it was a disability within the meaning of the ADA. Thus, she has plausibly alleged that she was subjected to harassment because of a disability, in violation of the ADA. On this Count, the motion is denied.

## F. Conclusion

For the foregoing reason, NIMC's motion to dismiss [38] is granted in part and denied in part. The Court dismisses, without prejudice, Fuit's claims under the Illinois Human Rights Act. The Court denies, however, the motion to dismiss Fuit's hostile work environment claim. She may amend, consistent with this opinion, by August 12, 2022. If she declines to amend by that date, the dismissal will become with prejudice without the need for a further order by the Court.

Date: July 22, 2022

Honorable Iain D. Johnston
United States District Judge